## PHELAN v. SUPERVISORS OF SAN FRANCISCO.

After reversal of an erroneous judgment, the parties in the Court below have the same rights which they originally had.

Therefore, when a final judgment on demurrer to the complaint sustaining the demurrer, was reversed, the plaintiff had the right to amend, on application to the Court below.

MOTION to amend the judgment *nunc pro tunc.*

*Jo. G. Baldwin* for Plaintiff.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This case was decided at the October Term, 1856, and the judgment of the Court below simply reversed. We are now asked to amend the judgment, *nunc pro tunc*, by ordering the case to be remanded, with leave to the plaintiff to amend his complaint.

In the case of Stearns v. Aquirre and others, April Term, 1857, we held that a simple judgment of reversal was not necessarily a bar, but that "after the reversal of an erroneous judgment the parties in the Court below have the same right that they originally had."

In this case the defendants demurred to the complaint, which demurrer was overruled, and the defendants refusing to answer, judgment final was taken against them. Upon appeal to this Court the judgment of the Court below was reversed. The effect of this reversal was simply to leave the parties where they stood before the judgment. If the plaintiff wished to amend his complaint, he could have applied to the Court below for leave to do so, in the same way that he could have done had that Court sustained the demurrer. The decision of this Court went only to the merits of the case as it was stated upon the face of the complaint. If a different case could be made out by the plaintiff, he should have applied for leave to amend. As to whether, under the circumstances, it be now too late to make such application in the Court below, we cannot, under this motion, determine. We cannot amend the judgment, for the reason that it does not require it.