[No. 1352.]

DICKSON ET AL. v. THE FIRST NATIONAL BANK OF LONG-
MONT.

1. PRACTICE—APPEAL—REVERSAL—NEW TRIAL.
A general judgment of reversal by an appellate court sends the case back
  for trial, with the same rights to litigants as though no trial had
  been had and no judgment entered. ·

2. SAME.
Where the court of appeals reversed a case because the evidence was in-
  sufficient to support the judgment, ·the case being sent back to the
  trial court, it was error for that court to dismiss the case without
  giving the parties another trial.  The parties were entitled to an-
  other hearing and if their evidence was not strengthened so as to
  come within the opinion of the court of appeals, the trial court
  would then properly enter a judgment of nonsuit.

*Appeal from the District Court of Boulder County.*

Mr. H. M. MINOR and Mr. J. T. ATWOOD, for appellants.

Mr. B. L. CARR, Mr. F. P. SECOR and Mr. GRANT E.
HALDERMAN, for appellee. ·

BISSELL, J., delivered the opinion of the court.

For the third time this case is before this court, and the
appellee is inclined to suggest that it is high time for this suit
to be ended.  While in one sense we agree with him, we
must yet concede that it is the right of the appellants to have
their case properly tried and their rights determined under
the limitations of a correct legal practice.  The appellee will
therefore be compelled to submit to another trial wherein if
there shall be a due observance of the law there may be found
the *finis litium* which best subserves the interest of the people
as well as of the litigants.

As suggested this case has been twice determined by this
court, and our opinions may be found in the 4th Colo. Ct. of

App. 419, and in the 7th Colo. Ct. of App. 129.   According
to the first decision the pleadings presented an issue which
compelled a trial.   Judgment was originally entered on them
and we sent it back after holding that the situation required
the production of proof and the submission of the controversy.
When it came again, it came up on a verdict and we held the
testimony insufficient to support the judgment.   Following
two decisions of the supreme court, we decided that under
the statute which fixed the rights of stockholders of corpo-
rations, the stockholder who asserted rights against an attach-
ing creditor was bound to procure a transfer of his stock on
the books of the corporation, or else show an attempt to
comply with the statute, and that the failure was no fault of
his.   We concluded on the case made that the then appellees
had not sustained their contention.   When this decision was
rendered, the case was simply reversed and sent back for
another trial.   There was nothing in the judgment which
directed the dismissal of the case or which finally disposed of
the controversy, but it was a simple reversal to which as we
believe certain legal results attach.   When the case went
back, it was docketed and a motion was filed before the be-
ginning of the term to strike the case from the trial docket.
Just what this motion amounted to, or what the parties who
filed it expected to accomplish by it, we are not advised since
that court had no such thing as a trial docket *eo nomine*, but
only a general docket on which all causes were entered which
might be for trial or disposition.   The motion was granted,
however, and *ore tenus* the appellee then moved that the peti-
tion of intervention which presented the issues on which the
antecedent trial had been had should be dismissed and judg-
ment entered accordingly.   This motion was granted and the
intervenors were turned out of court without the opportunity
to re-present their side of the issue.   On this there is man-
ifest error.   As we understand the law and as it is written
in the cases, a general judgment of reversal sends a case back
for trial and for the same proceedings and with the same rights
to the litigants as though no trial had been had and no judg-

ment had been entered. The antecedent judgment is vacated and set aside, and if the pleadings present an issue that issue stands for trial before the proper tribunal which may be either the court or the jury according to the nature of the suit. It is also true that on the vacation of that judgment, there comes to either party the right to make an application to amend their pleadings in such way as they may be advised, and as may be in conformity with the law and the practice. We do not understand that of necessity the right of amendment inures, but the parties have a right to make any application in that direction which they may desire, but the determination of the motion will depend on the showing made, the circumstances under which it is offered and the discretion of the court with respect to it controlled of course by legal principles. The court has precisely the same power over the record and the proceedings as it had at the time that the original trial was entered on, and before the judgment was rendered. Since this is true, the intervenors had the right to again present that issue to a jury, or to amend their pleading in case they could obtain leave and secure another hearing. It may be quite probable that if the appellants are in no wise able to change their testimony or alter their proof, or enlarge it so as to bring it within our decision, the court would enter a judgment as of nonsuit and would hardly do the idle thing —submit to a jury on the same evidence an issue which we had already adjudged could not be maintained on that proof. Had this course been pursued and such been the testimony this appeal would have ended it. The court failed to adopt the practice which has been adequately sustained and as to which we have been cited to no cases to the contrary. *Houston v. Moore*, 3 Wheaton, 252; *Cox v. Pruitt*, 25 Ind. 90; *Cripsen v. Honnavan et al.*, 86 Mo. 160; *Phelan v. Supervisors of San Francisco*, 9 Cal. 15; *Chickering et al. v. Failes et al.*, 29 Ill. 294; *The Washburn-Moen Mfg. Co. v. The Chicago Galvanized Wire Fence Co.*, 119 Ill. 30; *Cable et al. v. Ellis et al.*, 120 Ill. 136; *Perry et al. v. Burton et al.*, 126 Ill. 599.

For this error the judgment must be reversed and the case

sent back for trial in conformity with the practice suggested by this opinion and under the law as heretofore laid down by the court.

*Reversed.*