[No. 2290]
# PHŒBE J. GUISTI, RESPONDENT, *v.* JOHN GUISTI, APPELLANT.

[171 Pac. 161]

1. APPEAL AND ERROR—SERVICE OF TRANSCRIPT.

   Where transcript was served in part before docketing of cause in the supreme court and the remainder within a reasonable time thereafter, the appeal will not be dismissed under court rule 13 relating to the curing of technical objections, the policy of the court being to give the appellant every reasonable opportunity to be heard.

2. APPEAL AND ERROR—MEMORANDUM OF ERRORS ON MOTION FOR NEW TRIAL—WHEN NECESSARY.

   Rev. Laws, 5322, requiring service of memorandum of errors upon adverse party, has reference only to errors committed at the trial under section 5320, subd. 7, and not error committed in arriving at an erroneous conclusion as to the legal effect of all of the evidence in the case, the making of findings, or entering of judgment.

3. MONEY LENT—"CONTRIBUTED"—PLEADING.

   A complaint, alleging that plaintiff "contributed" money to the erection of a building, does not allege a loan.

4. FRAUDULENT CONVEYANCES—"CREDITOR."

   An unrecorded bill of sale of undelivered personalty, executed by a deceased, is not void as to an order of court setting aside a monthly allowance to wife of deceased, the wife not being a "creditor" within Rev. Laws, 1078 (Comp. Laws, 2703), making sales and assignments of personalty without delivery fraudulent as to creditors.

5. EXECUTORS AND ADMINISTRATORS—FRAUDULENT ACTS—EFFECT.

   No matter how many fraudulent acts an administrator is guilty of, he is not divested of contractual rights under a valid mortgage which he has purchased.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by Phœbe J. Guisti against John Guisti. Judgment for plaintiff, and defendant appeals. **Reversed.**

*Wm. Forman* and *P. E. Keeler,* for Appellant:

Respondent has made two motions which do not go to the merits of the case. One is to dismiss the appeal upon the ground that no copy of the transcript on appeal was served upon respondent, the other motion being to strike out certain assignments and specifications of particular

errors upon the ground that the same were not embraced in the memorandum of exceptions filed in support of motion for new trial. Upon the first motion, no contention is made that the record on appeal was not filed within thirty days after the appeal was perfected. The records show that the record was filed within thirty days, and therefore rules 2 and 3, cited by respondent, have no application.

Respondent invokes rule 25, and argues that the appeal should be dismissed because no transcript on appeal was ever served upon her. This contention cannot be upheld, for three reasons: (1) Respondent waived service of copy of transcript by stipulation extending the time for filing and service thereof, without reserving any right to move to dismiss appeal. (2) Appellant filed and served his opening brief within the time stipulated, respondent filing and serving her answering brief, and by answering to the merits waived any objection which she might have had for failure to serve copy of record on appeal. (3) Respondent was served with copy of bill of exceptions, and after motion to dismiss was filed, was served with copy of judgment roll. (*Henningsen* v. *T. & G. R. Co.*, 32 Nev. 54; *Curtis* v. *McCullough*, 3 Nev. 213; *Bliss* v. *Grayson*, 24 Nev. 432; *Smith* v. *Wells Estate Co.*, 29 Nev. 213.)

In the matter of the estate of Lawrence Guisti, the court could not do otherwise than pay the claim of John Guisti out of the proceeds of the sale of the property described in the deed and bill of sale held as a mortgage on the property therein described. The allowance or rejection of the claim exhausted the authority of the court in the matter of the mortgage; and the plaintiff, not being a creditor of the estate at the time the sale complained of was made, cannot after a lapse of six years have the sales set aside. (Rev. Laws, 6014; *Kirman* v. *Powning*, 25 Nev. 378.)

The manner and mode of the disposition of the assets of the estates of deceased persons is prescribed by law, and the plaintiff or the administrator, or both combined, cannot vary those provisions by agreement to the prejudice of the creditors of the estate. (18 Cyc. 422.) The

administrator must not purchase claims against the estate (Rev. Laws, 6039), but at the time of the purchase of the note John Guisti had not been appointed administrator. Even had he been administrator at that time, he would be entitled to the amount paid (*Furth* v. *Wyatt,* 17 Nev. 180), and even though the mortgage was void, he would be entitled to the amount he paid on the note. (*Wilson* v. *Wilson,* 18 Cyc. 772; *Highsmith* v. *Whitehurst,* 23 S. E. 917; *Charles* v. *Daniels,* 131 S. W. 42; *Baker* v. *Lane,* 118 S. W. 963; *Lafranchini* v. *Clark,* 39 Nev. 49.)

It is contended that the sales are fraudulent because the administrator became the owner of the property. However, he was the owner of the note and the mortgage, and was interested in the property of the estate to that extent. (18 Cyc. 771; *Cuttingham* v. *Moore,* 30 South. 784; *Penny* v. *Jackson,* 4 South. 720; *Brannan* v. *Oliver,* 19 Am. Dec. 39; *Truman* v. *Riggins,* 8 Am. St. Rep. 549; *Estate of Millenovich,* 5 Nev. 161.)

The bill of sale, if void at all, is only void as against creditors. (6 Cyc. 1065; 5 R. C. L. 414.) An unrecorded chattel mortgage may be enforced after the legal title has vested in the widow of the mortgagor, even under a statute conferring title upon the widow, where the estate is less than a specific amount. (Rev. Laws, 1080; *Wolfe* v. *Perkins,* 9 S. W. 432.)

*Thompson & Thompson,* for Respondent:

The appeal should be dismissed. The rules of this court prescribe that the transcript on appeal shall be filed within thirty days after the appeal has been perfected and the statement settled, if there be a statement. A complete copy of the transcript must be served upon the opposite party, and no transcript on appeal has ever been served upon the opposite party or her attorneys. The transcript will be stricken out unless the same has been served upon the respondent or her attorneys. (Supreme Court Rules 2, 3, 25; *Gardner* v. *Pacific Power Co.,* 40 Nev. 343.) No errors can be heard on appeal unless the same are set forth in the memorandum of exceptions. (Rev. Laws, 5322.) Where the appeal is upon the ground that the

evidence is insufficient to support the verdict or decision, the appellant must set forth specifically the particulars in which the evidence is alleged to be insufficient. (*Thorne* v. *Hammond,* 46 Cal. 531; *Watson* v. *Railroad,* 50 Cal. 523.) The filing of an appeal, or the doing of any other act which indicates that the opposite party has notice, is a waiver of the notice. (1 Hayne, New Trial and Appeal, 114, 115; *Corbett* v. *Swift,* 6 Nev. 194; *Hunter* v. *Truckee Lodge,* 14 Nev. 24.)

The decrees of the lower court establish the fact that respondent is the widow of deceased. The fact that she yielded up the administration of the estate and did not contest the appointment of appellant as administrator constitutes a consideration, or so alters her position that appellant is estopped from now denying that respondent is not the widow of the deceased. The record cannot be denied nor the judgment questioned. (11 Am. & Eng. Ency. Law, 389, 390.) The records of the estate having been introduced in evidence, the appellant cannot impeach any order or decree therein. (*Crim* v. *Kessing,* 89 Cal. 483.)

The second item of the decree, $3,000, has very little to do with the widowhood of the respondent. It is based upon the promise of appellant to pay that amount to respondent at the close of the estate, but not out of the estate. Permitting appellant to act as administrator, without objection, constituted sufficient consideration. "The consideration arises from the permission, irrespective of the benefits derived from it." (6 Am. & Eng. Ency. Law, 741.)

By the Court, COLEMAN, J.:

The complaint alleges that plaintiff, Phœbe J. Guisti, is the widow of Lawrence Guisti, who, at the time of his death in October, 1907, was a resident of Beatty, Nye County, Nevada; that deceased, at the time of his death, was the owner of a dwelling-house and the lot upon which it was situated, and certain other real estate and personal property. The complaint also alleges:

"That at the time of the erection of said building and the furnishing said saloon said Lawrence Guisti did not

have funds sufficient to pay for the erection of said building and purchasing of said bar and bar fixtures, iron safe, cash register, piano, slot machine, and gambling layouts and liquors and cigars for said saloon, and solicited this plaintiff to contribute toward the erection of said building and the paying for said bar, bar fixtures, furnishings, liquors, and cigars for said saloon. That pursuant to said request this plaintiff did contribute the sum of three thousand dollars ($3,000) toward the erection of said building and the paying for said bar, bar fixtures, furnishings, iron safe, cash register, piano, slot machine, gambling layouts, cigars, and liquors for said saloon. That said Lawrence Guisti nor any other person has ever paid or returned said money or any part thereof to this plaintiff."

That the plaintiff and the defendant (father of the deceased) are the sole heirs at law of the deceased; that the defendant, conspiring to cheat and defraud plaintiff, purchased of the Bullfrog Bank and Trust Company a note of deceased for about $3,000, which purported to be secured by a mortgage upon certain real and personal property of the deceased, which note it is alleged was paid by the deceased prior to his death.

It is also alleged that the defendant, designing to cheat and defraud plaintiff, induced plaintiff to waive her right to be appointed administratrix of said estate, and as a consideration for such waiver promised and agreed that plaintiff should have a lien upon the real estate and personal property covered by the mortgage to the bank above mentioned, to secure the payment of the alleged indebtedness to her of $3,000; and that plaintiff, having great faith and confidence in the defendant, did execute such waiver, and nominate and request that the defendant be appointed to administer upon said estate, and that thereafter he was appointed by the court as administrator thereof and thereafter qualified as such. Other allegations of fraud are contained in the complaint, but, taking the view which we do of the case, it is not necessary to state them.

It is further alleged that upon her petition the court

made an order setting aside to plaintiff, as a widow's allowance, the dwelling-house mentioned above and the sum of $130 per month, and that no part of said monthly allowance has been paid; that on February 19, 1910, the court approved the final report of the defendant, as such administrator, and granted him a discharge from his trust as such administrator.

By the prayer of the complaint plaintiff asks that the decree of final distribution in the matter of the estate of Lawrence Guisti, deceased, and the decree settling the final account of the administrator, and such other orders as may interfere with granting full relief to plaintiff, be set aside and annulled; that the defendant be declared a trustee for the benefit of plaintiff, and that plaintiff recover judgment against the defendant for $3,000, the amount contributed by her, as alleged in the complaint, and in a further sum to cover the monthly allowance of $130, and that the same be made a lien upon the real estate bought by defendant from said estate, and for general relief.

Defendant filed a demurrer to the complaint, for the reason, among others, that it did not state a cause of action, which being overruled, an answer was filed. By his answer defendant denies that plaintiff is the widow of the deceased; denies that the deceased contributed any money as alleged in the complaint; denies that he solicited plaintiff to renounce her right to administer upon the estate of the deceased; denies that he told her she did not need an attorney, or that he would see that her family allowance and her claim of $3,000 would be paid; denies all allegations of fraud on his part, and pleads affirmatively the indebtedness of the Bullfrog Bank and Trust Company, its assignment to him, and all of the various orders in the matter of the estate of Lawrence Guisti, deceased, including the approval of his final report and the order of his discharge as administrator.

Defendant also alleges that the cause of action pleaded by the plaintiff is barred by section 4967, Revised Laws.

It is also alleged that plaintiff's cause of action is barred by section 6018, Revised Laws.

It is also alleged that if the promise sued on was made at all, it was made with reference to the administration of the said estate; that it was a specific promise to answer for the debt of said intestate out of the estate of defendant; that said alleged agreement was not, nor was any note or memorandum thereof, in writing, ever made or signed by defendant, or by his agent.

Plaintiff filed a reply, pleading estoppel on the part of defendant to deny that she was the widow of Lawrence Guisti, deceased.

The case was tried by the court without a jury, and the court made its findings of fact, whereby it found all of the material allegations of the complaint to be true, except the allegation that the note to the bank had been paid, and entered a decree setting aside, annulling, and canceling the decree of final distribution in the matter of the estate; also the order approving the final account of the administrator; also the order confirming the sale of the real estate and personal property under the mortgage. The court rendered judgment in favor of plaintiff and against defendant in the sum of $3,000, the amount alleged to have been contributed by plaintiff to deceased, as alleged in the complaint, and in the further sum of $3,010 on account of the monthly allowance of $130. It was further ordered that said judgment be made a lien upon the property bought by defendant at the administrator's sale, and that the same be sold to pay said judgment and costs.

On motion for a new trial the court modified its judgment, so that, instead of giving judgment for $3,010 on account of the allowance of the court, it was given for a sum aggregating twelve monthly payments, for the reason that our statute provides that when an estate is insolvent such allowance cannot run for more than twelve months (Rev. Laws, 5958) ; and it was further adjudged that the defendant is a trustee and holding the

property in question as a trustee for the benefit of plaintiff to the extent of the amount found to be due the plaintiff on account of the family allowance.

This appeal is from the original judgment, from the judgment as modified, and from the order denying the motion for a new trial.

Before entering upon a consideration of the merits of the case, it becomes necessary that we dispose of a motion to dismiss the appeal. This motion is based upon two grounds: First, because a transcript of the record was not filed within thirty days after the taking of the appeal had been perfected, as provided in rule 2; and, second, for the reason that "no transcript on appeal has ever been served" upon respondent.

1. All that we need to say as to the first ground of the motion is that the record shows that the appeal was taken on June 16, 1917, and the transcript was filed on July 5, 1917, less than thirty days from the taking of the appeal. As to the second ground, we might say that we think there are at least two good reasons why it is not well taken, but we will confine ourselves to one only. Paragraph 3 of rule 25 provides that a copy of the transcript shall be served by the appellant upon the opposite party. Rule 8 of this court reads:

"Exceptions or objections to the transcript, statement, the undertaking on appeal, notice of appeal or to its service or proof of service, or any technical exception or objection to the record affecting the right of the appellant to be heard on the points of error assigned, which might be cured on suggestion of diminution of the record, must be taken at the first term after the transcript is filed, and must be noted in the written or the printed points of the respondent, and filed at least one day before the argument, or they will not be regarded."

From a reading of this rule, it is apparent that it is the policy of this court to give the appellant every reasonable opportunity to be heard upon the merits and that an appeal should not be dismissed where an error or oversight can be corrected without injury to the opposite party, where appellant desires to make such correction.

From the record and affidavit on file in this matter, it appears that a copy of a part of the transcript was served before the case was docketed in this court, and that the balance thereof was served within a reasonable time thereafter. No injury, inconvenience, or delay appears to have been sustained by respondent. The case of *Gardner* v. *Pacific Power Co.*, 40 Nev. 343, is dissimiliar from this, in that no copy of the transcript was ever served and no brief was ever filed, nor did appellant in any way seek to cure the defects pointed out. In fact, it appears that the appeal in that case was entirely abandoned.

2. Counsel for respondent also moves to strike from appellant's assignment of errors assignment No. 11, for the reason that said assignment was not embraced in and made a part of the memorandum of exceptions required by section 5322, Revised Laws. The section mentioned provides that where the motion for new trial is based upon "error in law occurring at the trial and excepted to by the party making the application" (section 5320, subd. 7), the party moving for a new trial shall within ten days * * * serve upon the adverse party a memorandum of such errors excepted to as he intends to rely upon, and that no other errors upon such ground shall be considered, either upon the motion for a new trial or upon appeal, than those mentioned in such memorandum of exceptions. It is very evident that by section 5322 reference is had only to errors committed by the court at the trial, and not to an error committed by the court in arriving at an erroneous conclusion as to the legal effect of all of the evidence in the case. Motion is also made to strike numerous other assignments of error, upon the ground that they were not embodied in the memorandum of exceptions required by section 5322, Revised Laws, above quoted. In our opinion, the assignment of errors just alluded to does not go to errors contemplated by section 5322, Revised Laws, but rather to error committed by the court after the trial had been completed, and in the making of findings and in the entering of judgment and decree. In

our opinion, none of the motions are well taken, and they are denied, for the reasons which we have given.

We come now to a consideration of the merits of the case. This action was brought to recover upon two alleged claims, one being based upon the allowance by the court in the matter of the estate of Lawrence Guisti, deceased, of the so-called monthly allowance of $130, and the other upon the so-called contribution by plaintiff to Lawrence Guisti in his lifetime of the sum of $3,000. The complaint is replete with allegations of fraud alleged to have been committed by defendant as administrator of the said estate, all of which alleged fraudulent acts, it is claimed, go to aid in the establishment of both causes of action.

3. We will first dispose of the cause of action based upon the $3,000 claim; and, in this connection, we call attention to the allegations in the complaint, which we have quoted, which are pleaded by plaintiff as the very foundation of her claim. It will be noted from the allegations that it is contended that the plaintiff "contributed" to the erection by Lawrence Guisti, deceased, of a certain building and toward the purchase by him of certain personal property, and upon the strength of this allegation it is claimed that proof of a loan from plaintiff to Lawrence Guisti can be established. There is a marked difference between "contributing" money and "loaning" money. The court did not find that plaintiff loaned the deceased $3,000, but that she did "contribute" the sum of $3,000 toward the erection of said building and paying for said bar, bar fixtures, furnishings, cigars, and liquors, etc. In *Parks, Admr.,* v. *American Home Mis. Soc.,* 62 Vt. 19, 20 Atl. 107, it is said:

"A 'contribution,' then, is 'the act of giving to a common stock, or in common with others, that which is given to a common stock or purpose,' etc. (Webst. Dict.) "

The New Standard Dictionary defines "contribute" as follows:

"To give or furnish, in common with others, for a common purpose; supply as part of a common stock; give in aid of some object."

See, also, *Century Dict.*; Black's Law Dict. 2d ed.

From these definitions of the word "contribute," it is clear that the complaint does not allege a loan by the plaintiff to Lawrence Guisti.

4. In disposing of the claim based upon the monthly allowance of $130 by the court in the estate matter, it becomes necessary that we determine the force and effect of the mortgage given by the deceased to the Bullfrog Bank and Trust Company, and assigned to defendant. The note mentioned was dated September 11, 1907, payable on demand, in the sum of $2,296.20. The deceased died October 23, 1907, a little over one month after the execution of the note. The uncontradicted evidence of F. L. Warburton, the cashier of the bank, and a disinterested witness, is to the effect that this note was secured by a mortgage upon the real and personal property in question, and that the note being unpaid, the bank sold the same to the defendant in this action for the sum of $3,000. This evidence being uncontradicted, it is evident that the claim thus held was a prior valid claim, unless there was some inherent defect in the mortgages. The real estate mortgage is not attacked because of any such defect, but the trial court held that the mortgage upon the personalty is void as against creditors, and that plaintiff was a creditor. The mortgage upon the personalty was in the form of a bill of sale. There is no question but that an unrecorded chattel mortgage or bill of sale of personalty, unaccompanied by an immediate change of possession, is void as to creditors, as a general proposition; but plaintiff's claim based upon the monthly allowance does not come in that class. The statute which was in force at the time the bill of sale was given in section 2703, Cutting's Compiled Laws (Rev. Laws, 1078), which reads as follows:

"Every sale made by a vendor of goods and chattels

in his possession, or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of things sold or assigned, shall be conclusive evidence of fraud, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith."

5. The order of the court setting aside a monthly allowance to plaintiff did not constitute her a creditor in the sense contemplated by the statute. Both the real and personal estate of the deceased, so far as covered by the mortgages, were subject to specific liens, which were, at the time of the death of deceased, valid as to plaintiff, and nothing which could be done subsequent to the death of the deceased would operate to deprive him of his lien. No matter how many acts of fraud the defendant may have been guilty of as administrator, if any, or how gross they may have been, such conduct would not divest him of his contractual rights under his mortgages; hence we do not deem it necessary to consider his alleged fraudulent conduct.

For the reasons given, it is ordered that the judgment and order appealed from be, and the same are hereby, reversed.

McCARRAN, C. J.: I concur.

SANDERS, J., did not participate.

ON PETITION FOR REHEARING
*Per Curiam:*
Rehearing denied.