[No. 2471]

PHŒBE J. GUISTI, Respondent, *v.* JOHN GUISTI, Appellant.

[196 Pac. 337]

1. Appeal and Error—General Order of Reversal Left Litigation in Situation Prior to Judgment.

General order of reversal of judgment for plaintiff, and of order denying defendant's motion for new trial, left the litigation in the situation it was in prior to entry of the judgment; the reversal not barring further proceedings in the same suit.

2. Appeal and Error—Order after General Reversal, Permitting Amendment of Complaint, Not Final.

Order of the trial court, after general reversal of judgment for plaintiff and of order denying defendant new trial, allowing the filing of an amended complaint by plaintiff, was not a final judgment, or an order entered after a final judgment, and so was not appealable, to give the supreme court jurisdiction to consider the question whether the trial court erred in permitting the amendment to be filed.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by Phœbe J. Guisti against John Guisti. From a judgment for plaintiff, and from an order denying a new trial, defendant appealed, the judgment and order being reversed, plaintiff applying in the form of a motion

for permission to amend her original complaint, and the court allowing and ordering the offered amended complaint to be filed, and from such order defendant appeals. **Appeal dismissed. Petition for rehearing denied.**

*Forman & McKnight,* for Appellant:

The order of the lower court in allowing the filing of the amended complaint should be reversed, with directions to make such orders as may be necessary to carry into full force and effect the former final judgment of reversal.

The lower court erred in allowing the respondent to file amended complaint, because the ruling and order were made after final judgment of reversal, and said amended complaint substituted or introduced a new and different cause of action. The power of the supreme court on appeal is governed by statute. Rev. Laws, 4835, 5359; Stats. 1913, 274. By ordering the reversal of the judgment, the supreme court intended to and did finally determine the case, as said court had full power to do. Musser v. Harwood, 23 Mo. App. 495; Strottman v. Railroad, 228 Mo. 154.

The lower court cannot allow an amendment to the pleadings which states a new and different cause of action. Stewart v. Salamon, 97 U. S. 361; 21 R. C. L. 581; 4 C. J. 1228; Taylor v. Keeler, 51 Conn. 397; Lowry v. Davenport, 80 Ga. 742; Edgar v. Greer, 14 Iowa, 211. "The general rule also prohibits the substitution of an entirely new cause of action." 21 R. C. L. 581. After a reversal of a judgment because of the indefiniteness of a contract, the plaintiff should not be permitted to amend for the purpose of allowing him to change his testimony and recover on a definite contract. Bluemner v. Garvin, 108 N. Y. Supp. 791; Barnes-King D. Co. v. Assets C. Co., 123 C. C. A. 490.

*Thompson & Thompson,* for Respondent:

The supreme court by its decision did not intend to finally determine the cause, but left it just as it stood

before the trial in the lower court, to be determined by that court, guided by the law and rules as laid down by the decision. "The reversal of a judgment throws the whole matter open and destroys its effect as an estoppel; the judgment no longer effects a merger of the cause of action, and it does not bar a second action on the same demand." 2 Black, Judgments, 683.

By the order allowing respondent to file the amended complaint, the appellant will not be injured, nor will he lose any opportunity to present his defense to the same. The court therefore had the right to allow the amendments. 1 Ency. Pl. & Pr. 515; McCausland v. Ralston, 12 Nev. 195; Quillen v. Arnold, 12 Nev. 235. "Statutes of amendment are remedial and must be construed and applied liberally in favor of the privilege of amending. Upon this proposition there are no dissenting authorities." 1 Ency. Pl. & Pr. 516. "If the same evidence will support both complaints, and the same measure of damages will apply to both, the change is an amendment, and not a substitution of another cause." Liggett v. Ladd, 23 Or. 26. New averments as to manner, time, and place of the same transaction are not a new cause. Nash v. Adams, 24 Conn. 33; 1 Ency. Pl. & Pr. 557; Cal. Ins. Co. v. Gracey, 24 Pac. 578; Cox v. McLaughlin, 76 Cal. 60.

By the Court, SANDERS, C. J.:

Phœbe J. Guisti, the widow of Lawrence Guisti, brought her action in the district court of Nye County against John Guisti, the father and heir of her deceased husband, to recover judgment for the sum of $3,000, being the aggregate of sums alleged to have been contributed to her husband during the coverture for the erection of a certain building and in the purchase of a "saloon and gambling outfit" in the town of Beatty, Nevada, and to be relieved against certain alleged fraudulent acts alleged to have been perpetrated upon her by the defendant prior to and in the course of his administration of her husband's estate, and demanding

that the judgment for the moneys so contributed and the arrearages of an allowance made to her as widow be declared a lien upon the realty of said estate, and for general relief.

The cause was tried before the court without a jury, which ultimately resulted in a judgment and decree in favor of plaintiff. The cause was appealed to this court by the defendant from an order denying to defendant a new trial, and from the judgment. This court, in 1918, rendered its opinion and decision, reversing said judgment and said order, and in so doing used this language:

"For the reasons given, it is ordered that the judgment and order appealed from be, and the same are hereby, reversed." Guisti v. Guisti, 41 Nev. 349, 171 Pac. 161.

An application for a rehearing was denied, and the remittitur of this court followed in accordance with its order. Thereafter the plaintiff, Phœbe J. Guisti, made application, in form of a motion in the court below, to allow her to amend her original complaint in the action, exhibiting with her motion the proposed amended complaint. The motion was bitterly protested. Thereafter the court allowed and ordered the offered amended complaint to be filed. Thereupon the defendant gave notice of appeal, stating in his notice that he appeals to this court—

"from the ruling and order made after final judgment herein by the above-entitled court on the 27th day of July, 1920, allowing the filing of the amended complaint by the plaintiff, and from the whole thereof."

Upon the settlement of the bills of exception and the filing of the record upon appeal, the appellant filed herein his assignment of errors, and for error alleges that the lower court erred in two particulars: First, that the court was without power or authority to allow respondent to amend her original complaint after final judgment in the cause and after final judgment of

reversal therein by this court; and, second, that said amended complaint so allowed to be filed substitutes or introduces àn entirely new and different cause of action.

There has never been any particular uniformity in the mode pursued by this court in rendering its decision or in entering its judgment. In this instance the judgment of reversal followed the language of the opinion of the judge who delivered it. Except in cases calling for a different judgment or order, the language generally employed relative to its judgments and orders is that the judgment or order is reversed or affirmed, as the case may be.

1. We are now called upon to determine whether a simple judgment of reversal is a bar to further proceedings in the same suit. The question is one of first impression in this court, and we have given it the attention its importance deserves, and our conclusion, in brief, is that the general order of reversal was to leave the litigation in the situation it was prior to the entry of the judgment. In support of this conclusion we cite with approval the early California cases, which have been reaffirmed, followed, and cited in several later cases, of Stearns v. Aguirre et al., 7 Cal. 443, and Phelan v. Supervisors of San Francisco, 9 Cal. 15.

2. The order appealed from not being a final judgment, or an order entered after a final judgment, we are without jurisdiction to consider the contention that the district court erred in permitting the amendment to the complaint to be filed, and we have jurisdiction only to order a dismissal of the appeal, leaving the defendant to proceed in the district court as he may be advised.

It is ordered that the appeal be dismissed.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.