LOUIS CANEPA AND EVA CANEPA, His Wife, AND WILLIAM CANEPA AND ESTHER CANEPA, His Wife, Appellants, *v.* F. E. DURHAM, Sometimes Known as FRANK DURHAM, and CORA E. DURHAM, Respondents.

No. 3446

March 15, 1946.                    166 P. 2d 810.

*Withers & Edwards,* of Reno, for Appellants.

*Clyde D. Souter* and *Clel Georgetta,* both of Reno, for Respondents.

## OPINION

By the Court, DUCKER, J.:

On a former appeal in this case the judgment of the Second judicial district court and order denying a motion for a new trial, were reversed. 62 Nev. 417, 153 P. 2d 899, 904. The order of reversal reads: "The judgment and order appealed from are reversed." Thereafter the said district court granted respondents a new trial. This appeal is from that order.

■ Appellants contend that the order of reversal finally disposed of the case and that the lower court was thereafter without authority to grant a new trial.

The question is not one of first impression in this court. In Guisti v. Guisti, 44 Nev. 437, 196 P. 337, 338, an order of reversal substantially the same as in the instant case was held no bar to a new trial. The court in that case said: "We are now called upon to determine whether a simple judgment of reversal is a bar to further proceedings in the same suit. The question is one of first impression in this court, and we have given it the attention its importance deserves, and our conclusion, in brief, is that the general order of reversal was to leave the litigation in the situation it was prior to the entry of the judgment. In support of this conclusion we cite with approval the early California cases, which have been reaffirmed, followed, and cited in several later cases, of Stearns v. Aguirre et al., 7 Cal. 443, and Phelan v. Supervisors of San Francisco, 9 Cal. 15."

We see no good reason for abandoning the rule stated. Appellants do not question its soundness, but they argue that the facts of this case distinguish it from Guisti v. Guisti, in that here it is apparent from the opinion that the adjudication was intended to be a final disposition of the case. They refer to Ryan v. Tomlinson, 39 Cal. 639 and other California cases in support of this contention. In response to this argument we say that the

original opinion in the instant case does not manifest such intention. It is not expressed in the opinion nor plainly implied. The conclusion of appellants' counsel in this respect is based on inference, not at all conclusive, and the opinion is capable of a contrary construction, as counsel for respondents points out. Certainly in a situation of this kind the granting or refusing a new trial ought not to depend on what conclusion the lower court might reach in a particular case. This would tend to cause delay in the final adjudication of the issues involved. We therefore adhere to the rule in Guisti v. Guisti, supra, and consider it stare decisis of the question presented.

██ There is no merit in appellant's contention made in their reply brief that respondents were not entitled to a new trial because it did not appear that an injustice had been done them by any ruling of the lower court. This point was not embraced in appellants' opening brief and therefore would not be considered had not respondents undertaken to discuss it in their answering brief. Berrum v. Georgetta, 60 Nev. 1, 93 P. 2d 525, 98 P. 2d 479. In fact, appellants admitted in their opening brief that respondents would be entitled to a new trial by the mere order of reversal if it was not intended as a final adjudication. This was a correct statement of the rule applicable in such a situation because the effect of the unqualified reversal was to leave the parties where they stood before the judgment and to remand the case for a new trial. Guisti v. Guisti, supra; Phelan v. Supervisors of San Francisco, supra; Heidt v. Minor, 113 Cal. 385, 45 P. 700. It would have been error if the lower court had refused a new trial. Myers v. McDonald et al., 68 Cal. 162, 8 P. 809.

█ There is likewise no merit in appellants' contention that the lower court exceeded its jurisdiction in entertaining a second motion for a new trial without complying with rule XI of the district court rules after a previous motion for a new trial had been denied.

While the first motion was in form a motion for a new trial, it was in fact a motion for a new trial only to take evidence on a single issue as to which the supreme court in its original opinion had pointed out, evidence was erroneously excluded. It is clear from the opinion of the lower court on the first motion that it was so considered by the movant and treated as such by the court. In this regard the court said: "Plaintiffs have not suggested that they desire, on a new trial, to put on further or any proofs relative to the importance of the reservation referred to in the sale agreement. On the contrary, they suggest the confining of the proofs on a new trial to the matters which were excluded by this court's erroneous ruling—that is to say, proofs relating to plaintiffs' damages and that the amount thereof is unascertainable."

And again recurring to the above the court said: "Plaintiffs, however, as already mentioned, confine their request and their argument to the matter of the proofs only which were erroneously excluded by the trial court."

That respondents contemplated a proceeding of that character is indicated by the fact that at the time of filing of the petition for a rehearing they requested that in the event the petition was denied this court remand the case to the lower court for that purpose. 62 Nev. 429, 155 P. 2d 1009.

The order granting a new trial is affirmed.