## S. L. HEINTZELMAN, Respondent, *v.* GEO. W. L'AM-OROUX and THE TRINITY AND SACRAMENTO SILVER MINING CO., a Corporation; said Corporation being Appellant.

Under our Practice Act, is it sufficient ground for allowing an attorney to verify an answer to show that defendant is a foreign corporation? Should it not also be shown that the corporation has no officer in the county where the answer is prepared?

Even if the affidavit to an answer is insufficient, is not the objection waived by the opposite party accepting service of the answer, without objection to the sufficiency of the affidavit? Should not the answer in such case be returned with notice that it would not be accepted for want of a proper verification?

Where there is a defective verification of an answer, the defendant should be allowed to correct the error if he desires to do so.

Where a note is made by A to B, and by B indorsed to C, B is a regular indorser and entitled to all rights, and only subject to the liabilities of an indorser, although it may have been agreed in advance of the execution of the note that A was to make, and B to indorse the note for the benefit of C.

Appeal from the District Court of the Fifth Judicial District, Hon. Geo. G. Berry, presiding.

*Hillyer & Whitman,* for Appellant.

*Wells & Denson,* for Respondent.

The answer was not properly verified, and if defendant wished to amend it he should have asked leave to do so; failing to ask leave, the Court did not err in entering judgment for appellant.

Opinion by Beatty, C. J., full Bench concurring.

The plaintiff in this case (respondent in this Court) brought his action against the defendants, and in substance averred, among other things, the following facts: That defendant, L'Amoroux, executed and delivered to plaintiff his promissory note in the following terms:

"Oreana, Nev. September 29, 1866.

"Forty-five days after date, for value received, I promise to pay to the order of the Trinity and Sacramento Silver Mining Company, fourteen hundred and seventeen dollars and a half, in United States gold coin or its equivalent in United States currency.

"(Signed) G. W. L'Amoroux."

That at the same time, the defendant, the Trinity and Sacramento Silver Mining Company, indorsed the same—"Pay S. L. Heintzelman or his order"—and that the execution and indorsement of the note were all part and parcel of the transaction, and therefore both defendants were bound as joint makers. The complaint was verified. L'Amoroux made no defense; the other defendant filed an answer, which was verified by its attorney, and which verification is in the following terms:

"State of Nevada, County of Humboldt. } ss.

"E. F. Dunne, being duly sworn, says he is one of the attorneys for the defendant, the Trinity and Sacramento Silver Mining Company, one of the defendants in above action: that the foregoing answer is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes it to be true. Deponent further says the reason why this verification is not made by the defendant, the Trinity and Sacramento Silver Mining Company, is that said defendant is a corporation under the laws of the State of New York, and further that said defendant is absent from the county where the attorneys of said defendants reside.    E. F. Dunne.

"Subscribed and sworn to before me, this fifth day of August, a.d. 1867.

"J. D. Minor, Clerk Humboldt Co., Nev."

Subsequent to the filing and service of this answer, and when the case was called for trial, the plaintiff's counsel moved to strike out the answer on the ground that it was not properly verified, and to allow the plaintiffs to take judgment. This motion, after argument, was sustained by the Court below, and judgment entered against the Trinity and Sacramento Silver Mining Company, from which that company appeals.

The only question which seems to have been raised in the Court below, was as to the proper construction of the fifty-fifth section of the Practice Act, which is in these words:

"In all cases of the verification of a pleading the affidavit of the party shall state that the same is true of his own knowledge, except

as to the matters which are therein stated on his information or belief, and as to those matters, that he believes it to be true.   And where a pleading is verified, it shall be by the affidavit of the party, unless he be absent from the county where the attorney resides ; or from some cause unable to verify it ; or the facts are within the knowledge of his attorney or other person verifying the same.   When the pleading is verified by the attorney or any other person except the party, he shall set forth in the affidavit the reason why it is not made by the party.   When a corporation is a party the verification may be made by an officer thereof ; or when the Territory, or any officer thereof in its behalf, is a party, the verification may be made by any person acquainted with the facts ; except that in actions prosecuted by the Attorney General or District Attorney in behalf of the Territory, the pleadings need not, in any case, be verified."

The respondent contends that when a corporation is a party to an action, it is not sufficient to show that the corporation is absent to entitle its attorney to verify a pleading, but that it must be shown that all officers of such corporation are absent before the attorney can verify on the sole ground of absence of the party he represents.

This the Court below held, and we are inclined to think this was the proper ruling on this point.   A corporation, as such, cannot verify a pleading.   In this, as in other matters, it can only act through an officer, agent or attorney.   Therefore it was, so far as the verification was concerned, wholly immaterial whether it was a corporation framed under the laws of this State or a neighboring State.

Although it may have been a New York corporation, it may have had one or more officers in Humboldt County.   If there was any such officer in the county he was, *prima facie*, the right person to verify the answer.   To hold that the attorney might verify a pleading for a corporation by merely showing that the corporation was formed abroad, would perhaps be following the apparent proper construction of the language of the section quoted, but would be at variance with the obvious intent of the Legislature.   To make the provisions of Section 55 conform to reason and common sense, we think the word " party," in the second sentence of the section may be held to refer to the party who by law is made, primarily, the

proper person to verify a pleading, rather than to the party plaintiff or defendant.   But be this as it may, we think the practice in this case was hardly a proper one.   The answer was served on the plaintiff's counsel, and it seems to us the proper practice, if it was intended to object to the verification, would have been to return the answer, with a notification that it would not be accepted for want of a proper verification.   If this was not done, ought not the acceptance of a copy, with the imperfect verification, without objection, to be treated as a waiver of the informality in the verification?   (See *Wilkin*.v. *Gilman*, 13 How. Pr. —.)

Even if the answer was properly stricken out, the defendant should have been allowed, (if it so desired) to correct this imperfection in the verification, either by the attorney who verified it making a new verification, if it were in his power to show that the corporation had no officer in the county ; or if there were such officer in the county, by allowing him to verify it.   We have made these remarks merely to suggest what we think is a proper practice in such a case.

This case must be reversed on another point, which is more fairly presented by the record than some of the points of practice which we have been discussing.   The complaint shows no cause of action against appellant.

The note seems to have been a regular negotiable note, executed by L'Amoroux to appellant and indorsed by appellant to the plaintiff.   The complaint does not show any demand or notice, and consequently shows no liability on the part of appellant.

We do not see how the fact that the making of the note and the indorsement thereof to plaintiff were part of one and the same transaction can vary the liability of the parties.   The fact that the note was made payable to appellant and by it indorsed, shows plainly it was not the intention of appellant to become primarily liable, but only as indorser upon due demand of the principal, and notice in case of nonpayment.

The note appears to have been regularly executed and indorsed, and thereby the liabilities of the respective parties were fixed.   It can make no difference that it was agreed beforehand that L'Amoroux was to make and appellant to indorse the note for plaintiff's

benefit; nor does it make any difference by whom the note was handed to plaintiff. The judgment of the Court below is reversed, and that Court will allow the plaintiff to amend his complaint, and proceed regularly to dispose of the case in accordance with the views expressed in this opinion, or else to take a separate judgment against L'Amoroux on the present complaint, (default being first taken) and dismissing the action against appellant.