## FIRST NATIONAL BANK OF RED BANK v. GEORGE S. JONES.

A writ of error will not lie to the Pleas on a rule discharging a rule to show cause why a judgment regularly entered should not be opened to let in a proposed defence.

Suit on note endorsed by defendant for the accommodation of the maker. Suit brought in Monmouth Pleas on this note by the bank, being holder; the summons was returnable April 18th, 1879, and on the same day the declaration was filed. There being no plea or demurrer, judgment by default was entered September 15th, 1879.

On the 7th of March, 1879, the maker of this note made a general assignment for the benefit of his creditors, and on the 23d of April the bank, in due form, exhibited its claim, founded on this note, to the assignee.

On October 22d, 1879, the Monmouth Pleas granted a rule to show cause why this judgment, execution and levy should not be set aside. This rule was subsequently discharged, and

from the order discharging this rule this error has been brought.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, REED and MAGIE.

For the plaintiff, *C. Robbins.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This is a writ of error removing a rule which had been entered in the Monmouth Pleas dismissing a rule which had been previously granted to show cause why a judgment which had been regularly entered should not be opened.   Such a rule as this has always been deemed incidental in the course of a suit, and discretionary in its character, and therefore not a subject to be reviewed on writ of error.   When the court has exercised its discretion in cases of this sort, it is impossible to say that any error in law has been committed.   The practice is entirely settled, and it conclusively negatives all right to such a remedy.   The admission of a principle sustaining this procedure would very largely increase the litigation in this court.

It is true that in this case the judge of the Pleas has signed a bill of exceptions in which the ground for discharging the rule in question is stated to have been that the act of the bank, in putting in its claim, founded on the note in suit before the assignee, did not discharge the defendant from his accommodation endorsement.   But because the judge sitting in the court below stated a legal proposition as the ground of the action of the court, the action of the court is not in consequence put under the control of this court.   If this proceeding could be reviewed before us the question would be, not whether a right or wrong reason was assigned for the judicial action in the inferior tribunal, but whether the rule in question should or should not be discharged, and that would depend on the dictates of discretion, and on no settled rule of law.   For example, in the present case, even on the assump-

tion of an error existing in the statement of the legal rule stated by the judge in the Court of Common Pleas, still, it would seem to me that the result which has been reached was proper if we are to form an opinion on the facts as we find them brought before us. This conclusion would be grounded on the fact that the exhibition of this claim to the assignee by the bank, and which is the act on which the plaintiff in error relies as a defence in the suit, occurred before the entry of judgment in the action and before even the time of pleading had expired, so that such circumstance could have been set up by way of plea and could have been tried upon the issue so raised. The declaration was filed on the 18th of April, 1879, and the claim was exhibited to the assignee on the 23d of April, 1879, and nothing appears in the case to show that such fact was not known to the defendant in time to set it up as a defence. Even, therefore, if this court could exercise the discretion which the law confides to the court below, it would not avail the plaintiff in error as the case at present stands.

But this writ of error, for the reason stated, must be dismissed.