THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR, v. WILLIAM W. TUNISON AND HENRY T. BEEKMAN, DEFENDANTS IN ERROR.

| 55 | 561 |
|---|---|
| 63 | 657 |

| 55 | 561 |
|---|---|
| 65 | 285 |

| 55 | 561 |
|---|---|
| 67 | 270 |

| 55 | 561 |
|---|---|
| 70 | 248 |
| 70 | 555 |
| 70 | 575 |

1. The Circuit Courts of this state are constitutional courts, and are unassailable by legislation in the jurisdiction which they exercised at the adoption of the constitution.
2. These courts have always exercised the right to dispose finally of a rule to show cause why a new trial should not be granted, and to order judgment final upon verdict rendered.
3. The act of March 4th, 1890 (*Pamph. L., p.* 33), authorizing a review by the Supreme Court of the order of the Circuit Court either granting or refusing a new trial, is unconstitutional.

In error to the Somerset Circuit.

For the plaintiff in error, *Benjamin Williamson* and *Joseph D. Bedle.*

For the defendants in error, *Traphagen & Beekman.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The defendants in error instituted suit in the Somerset County Circuit Court against the Central Railroad Company, and recovered a verdict against it.

After verdict, the company was granted a rule to show cause why a new trial should be had.

This rule was subsequently discharged and a new trial refused.

A writ of error based on such refusal was sued out by the company under the act of March 4th, 1890 (*Pamph. L., p.* 33), entitled "An act respecting writs of error."

This act expressly grants the right to a review before final judgment for errors, either of law or fact.

The act of March 25th, 1885 (*Pamph. L., p.* 169), authorized an appeal from the Supreme Court or any Circuit Court directly to the Court of Errors and Appeals, by any person

aggrieved by the granting of a new trial or by the refusal to grant a new trial.

In *Dodd* v. *Lyon*, 20 *Vroom* 229, this court held that the appeal provided by the act of 1885 was in substance a proceeding in error, and that therefore the act of 1885 was unconstitutional, because by the third clause of section 5 of article VI. of the state constitution it is declared that no proceeding of the Circuit Court except a final judgment can be transferred directly to this court by writ of error.

The act of 1890 was framed in view of the infirmity which rendered the act of 1885 abortive, and provided that the party aggrieved by the refusal to grant a new trial in the Circuit Court should have a remedy by writ of error to the Supreme Court.

In this case the writ of error was taken to the Supreme Court, and the judgment of the Supreme Court against the company is the subject of controversy in this case.

Circuit Courts in this state were established by an act passed June 6th, 1799. *Rev., p.* 453 ; *Griff. L. R., p.* 1173.

The practice and proceedings in the Supreme Court were extended to the Circuit Court by the laws of 1838. *Pamph. L., p.* 64, § 13 ; *Rev. Stat., p.* 203, *pl.* 12.

Section 1 of article X. of the constitution provides that " the several courts of law and equity, except as herein otherwise provided, shall continue with the like powers and jurisdiction as if this constitution had not been adopted."

Section 1 of article VI. of the constitution provides " that the judicial power shall be vested in a court of errors and appeals in the last resort in all causes as heretofore ; a court for the trial of impeachments ; a court of chancery ; a prerogative court ; a supreme court ; circuit courts and such inferior courts as now exist, and as may be hereafter ordained and established by law ; which inferior courts the legislature may alter or abolish, as the public good shall require."

The Circuit Court, like the Supreme Court, is unassailable by the legislative branch of the government in its jurisdiction.

The constitution permits the inferior courts only to be altered or abolished.

The jurisdictions of all the constitutional courts, by necessary implication, are established as they existed antecedently to the date of the constitution. *Harris* v. *Vanderveer,* 6 *C. E. Gr.* 424.

The Circuit Courts are constitutional courts, having existed with well-defined powers prior to the adoption of the fundamental law. These courts have always exercised, as an important branch of their jurisdiction, the right to decide finally and without review whether a new trial shall be granted, and that right cannot be taken from them without substantially and materially impairing their powers.

In *Harris* v. *Vanderveer, supra,* the Chief Justice, in his opinion, said that the language of the constitution, before quoted, in strictness would not apply to the Prerogative Court so as to protect its jurisdiction from being impaired. He did not, however, put the right to take an appeal from the Prerogative Court to the Court of Errors and Appeals upon that ground, but he referred to the history of that court, and held that there was nothing in its nature or history which made its decrees final—that finality was not inherent in the constitution of the court.

The right to take an appeal in Harris *v.* Vanderveer was put expressly upon the ground that the quality of finality was not incident to the decrees of the Prerogative Court.

The Circuit Court is one of the courts of law which is protected in its jurisdiction by the express provisions of the organic law. Its right to dispose finally of a rule to show cause why a new trial should not be granted, and to order judgment final upon a verdict rendered, has always existed and been recognized since its formation, and is beyond the reach of hostile legislation.

In my opinion, therefore, it is not competent for the legislature to provide for a review in such cases; the act of 1890 is unconstitutional and void.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, ABBETT, DIXON, GARRISON, LIPPINCOTT, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH.    10.

*For reversal*—None.