HENRY P. CULLEN, DEFENDANT IN ERROR, v. MAURICE WOOLVERTON, ADMINISTRATOR OF ASHER WOOLVERTON, DECEASED, PLAINTIFF IN ERROR.

Submitted July 9, 1900—Decided November 19, 1900.

1. The assignor of a claim against the estate of a deceased person is not a party, within the meaning of the supplement to the act concerning evidence (*Gen. Stat.*, *p.* 1407, § 53), in a suit by the assignee of the claim against the representative of the deceased.

2.  The right to exclude the testimony of the assignor of a claim against a deceased person in a suit by the assignee against the representative of the deceased is not a defence preserved to the defendant under section 340 of the Practice act. *Gen. Stat.*, p. 2591.
3.  Where services are rendered under a promise to pay by a legacy, and the promise is broken, an action will lie.

On error to the Hunterdon Circuit.

For the plaintiff in error, *Albert D. Anderson* and *Charles A. Skillman.*

For the defendant in error, *Richard S. Kuhl.*

The opinion of the court was delivered by

GARRETSON, J.    The plaintiff is the assignee of a claim of one Lawshe against the estate of Asher Woolverton, deceased, and has brought suit as such assignee against the administrator of Woolverton under the authority of the act of 1890 (*Gen. Stat.*, p. 2591, § 340), which provides that all choses in action arising on contracts shall be assignable and the assignee may sue thereon in his own name, with the restriction that in such suit there shall be allowed all just set-offs, discounts and defences before the defendant had notice of the assignment.

Lawshe's claim was a chose in action arising on contract, and was for services by him performed in the nursing of the deceased, and for work and labor done and performed by him in and about the business of the deceased.

Previous to the commencement of this suit, Lawshe had assigned his claim to the plaintiff, Cullen, for a consideration expressed in the assignment equal to the amount of the claim, and, on the trial, swore he had no interest whatever in the recovery.

Upon the trial of the cause, Lawshe was called by the plaintiff as a witness, and testified as to the making of the contract with the deceased in his lifetime, and as to transactions with and statements by the deceased. This testimony was objected to, and the defendant's first assignment of error

is that the court admitted Lawshe, the assignor of the chose in action upon which the suit was brought, to testify as to conversations with and transactions with Asher Woolverton in his lifetime, the defendant being his administrator and being sued in a representative capacity, and not being produced as a witness, thereby depriving the defendant of one of the defences which he had prior to the alleged assignment.

The assignor of this claim was not prohibited from giving this testimony by reason of the supplement to the act concerning evidence (*Gen. Stat., p.* 1407, § 53), which provides: "That in all civil actions in any court of law or equity in this state any party thereto may be sworn and examined as a witness notwithstanding any party thereto may sue or be sued in a representative capacity; *provided, nevertheless,* that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action."

Manifestly the restriction of the proviso is applicable to those persons only who are qualified to be witnesses by the act itself, and those persons are parties to actions in which the other parties sue or are sued in a representative capacity. The question then is, who is a party to an action?

The representative capacity of the party suing or being sued, disqualifies from giving testimony the party who sues or is being sued in his individual capacity. There is nothing in the language of the act that by any possible construction can include any person who is not a litigant or who does not appear upon the record as a party.

In 2 *Bouv. Dict.* (11*th ed.*) 284, "parties to actions" are defined as follows: "Those persons who institute actions for the recovery of their rights, and those persons against whom they are instituted are the parties to the actions; the former are called plaintiffs and the latter defendants. The term 'parties' is understood to include all persons who are directly interested in the subject-matter in issue, who have a right to make defence, control the proceedings or appeal from the judgment. Persons not having these rights are regarded as strangers to the cause."

In *Merchants Bank* v. *Cook,* 4 *Pick.* 411, the Supreme
Court of Massachusetts, in construing the word "party" in
a statute providing for service of writs by coroners when the
the sheriff was a party, held: "The word party, then, is un-
questionably a technical word and has a precise meaning in
legal parlance. By it is understood he or they by or against
whom a suit is brought, whether in law or equity; the party
plaintiff or defendant whether composed of one or more indi-
viduals, and whether natural or legal persons; they are parties
in the writ and parties in the record, and all others who may
be affected by the writ indirectly or consequentially are per-
sons interested, but not parties." And this case also holds
that the legislature, when legislating upon subjects relating
to courts and legal process, are to be considered as speaking
technically unless from the statute itself it appears that they
made use of the terms in a mere popular sense. This statute
was construed by the court in *Hodge* v. *Corriel,* 17 *Vroom*
354, affirming the opinion of the Supreme Court for the
reasons given by that court in *S. C.,* 15 *Id.* 456, in which
opinion Chief Justice Beasley holds that the statute is to be
read as the rules of construction require according to the
plain meaning of plain terms.

In the case of *Palmateer* v. *Tilton,* 13 *Stew. Eq.* 555, Chief
Justice Beasley, construing this statute, also says: "But the
language of the act is clear and definite and the result, if we
adhere to such language, is entirely reasonable; and this being
the case the judicial duty is one of interpretation simply.
The statute itself enumerates the cases in which the testimony
is to be rejected, and no case can be added to that enumera-
tion. If we attempt to leave the plain terms of the act, we
enter into an undefined field of inference and conjecture.
The regulation applies to the practice in the trial of causes,
and it is important therefore that its limitations should be
clear." And he says, to reject the testimony in that case
will obviously do violence to the words of the act in order
to enact a rule which will conform to judicial notions,
and this would be judicial legislation pure and simple. He
cites in that opinion *Jones* v. *Smart,* 1 *T. R.* 44, in which

Mr. Justice Buller said: "We are bound to take the act of parliament as they have made it; a *causus omissus* can in no case be supplied by a court of law, for that would be to make laws."

We therefore conclude that Lawshe was not a party to the suit and was not disqualified to testify as a witness as to transactions with and statements by the deceased.

But the defendant contends that even if the assignor could be relieved of his disqualification by reason of the assignment, he cannot testify to transactions with the deceased because the act of 1890, authorizing such assignment, preserves to the defendant all defences which existed previous to the assignment, and that the right to exclude the testimony of the assignor as to transactions with or statements by the deceased was one of those defences.

We cannot accede to this proposition. The disability of the assignor to testify before the assignment was not a defence. The right of a defendant to exclude the testimony of a single witness for the plaintiff cannot .be regarded as a defence.

Defence is the denial of the truth or validity of the complaint, and does not merely signify a justification. It is a general assertion that the plaintiff has no ground of action, and which assertion is afterwards extended and maintained in the body of the plea. The word "defence" is a term of art. It comes from the Norman French, and was used in common law pleading in the sense merely of denial. 9 *Am. & Eng. Encycl. L. (2d ed.)* 175.

It is the denial contained in the general issue or it is the assertion in the special plea which avoids the case made by the declaration. It is something alleged and proved by the defendant which defeats that which is alleged, and is supported by evidence on the part of the plaintiff. Defence is not a defect in the case or evidence of the plaintiff; the plaintiff succeeds in his action by the sufficiency of his testimony; if he fails to establish his case by sufficient legal testimony, the defendant is not called upon to present any defence, and

succeeds, not by reason of his defence, but by reason of the failure of the plaintiff's evidence to prove the case.

The second assignment of error is upon the failure of the trial court to nonsuit the plaintiff on account of his proof showing that the deceased in his lifetime, and before the services had been rendered by Lawshe, had left Lawshe a sum of money by will, and that those services were rendered in expectation of such legacy.

So far as can be gathered from the evidence the will was in existence when Lawshe began his service in January, 1893, or at any rate, soon after, for Woolverton told Lawshe in March, 1893, that he had made a will and left him $1,000. This could not have been intended as payment for the services then performed, because the service had just commenced. More than three years later Lawshe asked Woolverton, seemingly not to be relying on this will, for something to show for his services, and deceased then told him he had remembered him in his will.

The fair conclusion from this evidence would be that Lawshe expected payment for his services, and was satisfied if payment for them was provided in the will. Lawshe distinctly testifies that when Woolverton broke his hip, he, Lawshe, called his attention to the need of service by someone, and asked if he had not better have a man come and stay with him and attend to him, and he then asked Lawshe to come and he should be well paid for it. No will was found after Woolverton's death.

In *Stone* v. *Todd*, 20 *Vroom* 274, 280, this court says: "But in ordinary cases the law will raise the presumption of a promise to pay from the mere fact of service, and it will prevail unless a contrary intention and understanding of the parties be shown. In this case the plaintiff came into the employment of the decedent as a stranger and as his housekeeper. She performed valuable and meritorious services for many years both in keeping his house and assisting him in farming work. She was industrious, frugal, and aided in the accumulation of his large property. He expressed to others in her presence his gratitude for her kindness and faithfulness and his pur-

pose to pay for them. The mere fact that he intended to make a liberal provision for her by will, and so stated, will not defeat her recovery when he failed or neglected to do so. If it was their understanding that she should be paid, the intended will was but the method of paying an existing and admitted obligation to compensate for the services rendered, and if he failed to pay in the manner indicated, the plaintiff is entitled to recover as a creditor for the value of her services."

The jury, by its verdict, has found from the evidence, which was properly submitted to it by the trial judge, that a contract for service between Lawshe and the deceased was proved, and also the value of the service. These were both questions for the jury, and their finding will not be disturbed by this court.

There is no exception forming a basis for the third assignment of error.

The refusal of the Circuit Court to grant a new trial or a rule to show cause cannot be reviewed by this court on a writ of error. *Central Railroad Co.* v. *Tunison,* 26 *Vroom* 561. Nor can this court, on error, review the question of the amount of damages or weight of evidence. *Flanigan* v. *Guggenheim Smelting Co.,* 34 *Id.* 647.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, COLLINS, FORT, GARRETSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES. 11.

*For reversal*—DIXON, HENDRICKSON. 2.