ABEL I. SMITH ET AL., DEFENDANTS IN ERROR, v. MARY EDITH LIVESEY ET AL., PLAINTIFFS IN ERROR.

Argued December 4, 1901—Decided March 3, 1902.

1. A motion made in the Supreme Court to open one of its judgments regularly entered by default is addressed to the discretion of the court, and its determination thereon cannot be reviewed by writ of error.
2. The supplement to the Practice act, approved March 28th, 1895 (*Gen. Stat., p.* 2596), is incapable of impairing the discretionary nature of the power, so as to make a refusal to open the judgment subject to review on error.

On error to the Supreme Court.

For the plaintiffs in error, *Smith & Mabon.*

For the defendants in error, *Clarence H. Murphy.*

The opinion of the court was delivered by

DIXON, J. The plaintiffs having regularly entered judgment by default against the defendants in the Supreme Court, the defendants applied to that court to open the judgment, on the ground that the default was due to the neglect of their attorneys and they had a meritorious defence which should be submitted to a jury. The court refused to open the judgment, and thereupon the defendants sued out this writ of error, contending that such refusal was erroneous in law.

By the common law an application to open a judgment regularly entered was addressed wholly to the discretion of the court in which the judgment was rendered, to be there decided as justice and equity should require (*Chit. Arch. Pr.* 883; *Silvers* ads. *Reynolds,* 3 *Harr.* 238), and consequently a writ of error would not lie to review the determination of that court.

The defendants do not question this ancient rule, but rely upon a supplement to the Practice act, approved March 28th,

1895 (*Gen. Stat., p.* 2596), which declares it to be the *duty* of the court to open a judgment by default, under such circumstances as, the defendants insist, appear in the present case.

But if the true meaning of that statute, as applied to the Supreme and Circuit Courts, be to take away from them their discretion upon such motions, then it runs counter to the constitution, which confirmed in these courts, beyond legislative disturbance, the authority possessed when the constitution was adopted. *Central Railroad Co.* v. *Tunison,* 26 *Vroom* 561; *Flanigan* v. *Guggenheim Smelting Co.,* 34 *Id.* 647. The act cannot, therefore, have the force ascribed to it by the defendants, and cannot confer upon this court the power to review and override the determination of the Supreme or Circuit Courts on a motion to open a judgment regularly entered.

The writ of error should be dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE. DIXON, GARRISON, COLLINS, HENDRICKSON, PITNEY, ADAMS, VREDEN-BURGH, VOORHEES, VROOM.   11.