FRED E. EHNES, PLAINTIFF, v. JAMES QUINN, DEFENDANT.

Submitted October 7, 1941—Decided December 27, 1941.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff, *Jacob J. Greenman.*

For the defendant, *Frank J. Backes.*

PER CURIAM.

This appeal is from the "determination" of "the [District] Court * * * whereby the judgment entered in the above stated action in favor of the plaintiff and against the defendant was vacated."

Turning to the "determination" we find that it reads in part as follows: "ordered that said judgment be vacated and *all other proceedings set aside.*" (Italics supplied.) If this "determination" is merely the opening of a default judgment for trial, including the taking of proofs by both parties, it is clear that it is not reviewable by appeal; but if the "determination" is to be considered a finality, appeal will lie.

The record shows that the action is on the guarantee of a sealed note dated April 22d, 1929, purporting to have been made by Ellen Quinn to the order of The Phoenix Plan. There is a paper printed in the case and headed "Endorsement" taking up a full printed page, which is really a guarantee of payment apparently signed by William Quinn. At the end of this guarantee there is a further paper reading as follows:

"For value received, the New Jersey Co-operative Finance Corporation acting herein by its president, duly authorized, does hereby endorse and assign the right, title and interest, in the within document to Monroe Loan Society, without recourse.

New Jersey Co-operative<br>
Finance Corporation,<br>
Matthew J. Lauer,<br>
President."

How the New Jersey Co-operative Finance Corporation came into the picture is not explained.

James Quinn is plainly not liable on the note itself, but, if liable at all, is liable on the instrument which is loosely called an "endorsement." There is nothing to show any transfer of the interest of The Phoenix Plan in the guarantee to the plaintiff Ehnes apart from the averment in the state of demand that "Plaintiff is the owner and holder of said note."

Defendant, failing to appear on the return date of the summons or at any other time, there was the usual affidavit of verification of the claim permitted by the statute, sworn to by the plaintiff, Ehnes, and which states "that there is due and owing to the plaintiff the sum of One Hundred and Fifty Dollars, no cents ($150.00), being the principal and interest due upon a certain promissory note mentioned and described in the State of Demand in this cause; the original of which said note is annexed hereto." On the application to open the default judgment one of the claims was that there had been no legal service of the summons upon the defendant William Quinn, and another that there had been no legal service on James Quinn, but the court did not rest on that, nor does it appear to have gone into the question at all. The matter was submitted on affidavits of the defendant, none being submitted on behalf of the plaintiff, briefs were submitted, and we read in the state of the case, settled by the court, that the court ordered that the judgment against Quinn be vacated.

"Briefs were submitted and on June 23d, 1941, I ordered that the judgment against the defendant, James Quinn, be vacated on the ground that the affidavit upon which the judgment was entered did not prove the assignment of the note to the plaintiff and was therefore defective in that it did not comply with the statutory requirements."

We view the order already mentioned that the judgment be vacated and all other proceedings be set aside, as on its face a finality, and consequently appealable. If it be not a finality, the appeal should, of course, be dismissed. As such finality the order is erroneous.

As already observed, the state of demand alleged that the plaintiff was the owner and holder of the note. The affidavit on default, however, did not so aver or explain how the plaintiff was such owner, and consequently it was entirely proper for the court to open the judgment. That being done, the next step that the court should have taken was to consider the question raised as regards the validity of service of process, and if the court found no legal service, to order a nonsuit; if the court found that there was good service, to proceed to take proofs in open court as to the genuineness of the paper sued on and the transfer of title to that paper to the plaintiff, if there was such transfer, and to determine the case on the merits.

The judgment will accordingly be reversed, and the record remanded to the District Court for proceedings in conformity with this opinion. Costs to abide the final result.