[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 7 
Judgment in this cause was entered in the District Court of the Essex County Judicial District June 30, 1948, in favor of the plaintiff for $498. damages with costs. The judgment was based on proofs taken ex parte upon the failure of defendant to appear on the day which had been set for trial. On November 3, 1948, defendant obtained a rule to show cause why the judgment should not be vacated. The docket contains the following entry under date of November 10: "This rule was tried at Part I before Ferdinand D. Masucci, Judge. Rule denied." On November 16, defendant served and filed notice of appeal from the judgment which had been entered June 30 and from the dismissal of the order to show cause. The following day the order discharging the rule to show cause was signed by the judge and filed in the clerk's office. Respondent moved to dismiss the appeal on several grounds and among them that, considered as an appeal from the judgment of June 30, it was too late, and as an appeal from the discharge of the rule to show cause, it was too early. It seemed to us that the questions raised on this motion should await the argument of the appeal and therefore we denied the motion without prejudice.
We agree with respondent that the appeal cannot be maintained as an appeal from the judgment of June 30, for the time to appeal expired long before the notice of appeal was served. R.S.
2:32-206, as amended P.L. 1945, ch. 79; P.L. 1948, ch.385, sec. 12; Rules 1:2-5 and 4:2-5. Whether the appeal from the discharge of the rule to show cause can be sustained depends to some extent upon the effect of the oral discharge of the rule which was noted by the clerk in his docket. Generally the practice and procedure in the district courts conforms as nearly as may be to the practice and procedure in the law divisions of the county courts and of the Superior Court. P.L. 1948, ch.385, sec. 1; Rule 5:2-1. It has been the practice in New Jersey that judicial action takes the form of a writing, with some few exceptions, such as the *Page 9 
rulings in the course of a trial. The announcement of Judge Masucci that he denied the motion to vacate the judgment, even though noted in the Clerk's Docket, probably did not constitute an order of the court until put in writing and signed. Technically, of course, an appeal does not lie from an order which has not yet been made. But the circumstance that the judge did not sign the order until the day after the appeal was taken, does not affect the merits and should not be permitted to deprive the aggrieved party of his appeal.
Respondent, in support of his motion to dismiss the appeal, also argues that the discharge of the rule to show cause was not a "final judgment" or an interlocutory order from which an appeal is permitted by Rule 4:2-1 and 2. We are satisfied that the term final judgment, as used in the rule, is at least as broad in scope as the same term formerly used in connection with writs of error. Final judgments reviewable on writs of error included "decisions rendered in the exercise of the equitable powers of a court of law or in the course of its statutory or summary jurisdiction, provided they result in a final disposition of the matter and have not rested in the discretion of the court."Defiance Fruit Co. v. Fox, 76 N.J.L. 482 (E. A. 1908). While an order opening a judgment has not the quality of finality, an order refusing to open the judgment does finally dispose of the matter. Jaudel v. Schoelzke, 95 N.J.L. 171(E. A. 1920). An order either vacating or refusing to vacate a judgment usually rests in discretion and so is not reviewable on appeal. First National Bank v. Jones, 44 N.J.L. 60(Sup.Ct. 1882); Smith v. Livesy, 67 N.J.L. 269 (E. A. 1901). But it is otherwise when the motion for such an order is based on a legal right rather than discretion. Evans v.Adams, 15 N.J.L. 373 (Sup.Ct. 1836); Ehnes v. Quinn,127 N.J.L. 447 (Sup.Ct. 1941). And suggestions may be found that when the discretionary power of the court has been abused, an appeal lies. Cook v. American Smelting etc. Co.,99 N.J.L. 81 (E. A. 1923).
The defendant's petition to open the judgment set forth that by letter dated October 1, 1947, a few days before the return of the summons, the plaintiff's attorney consented to *Page 10 
keep the defendant's attorney advised as to the trial date; that the trial was set for January 29, 1948. Prior to that day, the plaintiff's attorney advised the defendant's attorney that he was requesting an adjournment for three months in order to take depositions, and defendant's attorney consented to said adjournment with no date for trial being fixed. Defendant or his attorney heard no more of the case until about October 1, 1948, when they learned that judgment had been entered in June. The petition set forth that defendant had a just and legal defense, but did not state the nature of the defense. The order of the District Court discharging the rule to show cause why the judgment should not be reopened, recited that the court heard the argument of counsel and duly considered the matter, and that it appeared that the judgment was not taken by surprise and that the defendant did not have a meritorious case. This order clearly rested in discretion. A party has no legal right to rely on his adversary to keep him advised as to the progress of the case. He does so at his peril and if, as appellant claims, such reliance leads to a judgment by default, his only relief is an appeal to the discretion of the court.
It does not appear to us that Judge Masucci abused his discretionary power. The obligation that plaintiff's attorney assumed as a matter of courtesy in October, was fulfilled when defendant's attorney was informed of the trial date in January. No reasonable man would have ignored the case against him from January until October, as defendant and his attorney say they did. Furthermore, Judge Masucci found that they were not in fact taken by surprise.
 The appeal will be dismissed. *Page 11