NEVADA GAMING COMMISSION AND GAMING CONTROL BOARD, AND EACH, EVERY AND ALL OF THE MEMBERS THEREOF, APPELLANTS, *v.* HERMAN BYRENS, DOING BUSINESS AS RENO TURF CLUB, RESPONDENT.

No. 4350

September 20, 1960                    355 P.2d 176

*Roger D. Foley,* Attorney General, *Norman H. Samuelson,* Deputy Attorney General, and *Michael J. Wendell,* Special Deputy Attorney General, for Appellants.

*Vargas, Dillon & Bartlett* and *Alexander A. Garroway,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Upon this appeal from an order dated May 25, 1960 denying the motion of respondents to dismiss the Petition for Writ of Certiorari and to quash the Writ of Certiorari dated April 19, 1960, the matter is before us on motion of respondent to dismiss the appeal upon the ground that said order of May 25, 1960 is not a final· order in the case and is not appealable.

No appeal lies except when authorized by statute or by rules properly promulgated such as the Nevada Rules of Civil Procedure. Quinn v. Quinn, 53 Nev. 67, 292 P. 621; Johns-Manville, Inc., of California v. Lander County, 48 Nev. 244, 229 P. 387, 234 P. 518.

Rule 72 (b) NRCP states precisely what determinations are appealable, and does not include either an order refusing to dismiss a petition for a writ of certiorari or an order refusing to quash a writ. Furthermore neither of these is a final judgment. Smith v. Hamilton, 70 Nev. 212, 265 P.2d 214.

Rule 72 (b) (2) NRCP authorizes an appeal from an order granting an injunction. Respondent maintains that

the writ of certiorari, which contains a provision commanding the appellants in the meantime to desist from further proceeding in the matter to be reviewed, is an injunction and therefore an appealable determination.

NRS 34.060 relating to the contents of a writ of certiorari provides:

"The writ of review shall command the party to whom it is directed to certify fully to the court before which the writ is returnable, at a specified time and place, and annex to the writ a transcript of the record and proceeding, describing or referring to them with convenient certainty, that the same may be reviewed by the court, and requiring the party, in the meantime, to desist from further proceedings in the matter to be reviewed."

We are of the opinion that the injunction feature of the writ which corresponds to the restraining provisions of NRS 34.060 is not the type of injunction contemplated by Rule 72(b) (2) NRCP. A direct appeal therefore may not be taken from it. Harrison v. Harrison, 54 Nev. 369, 17 P.2d 693.

It is ordered that the appeal be dismissed.

Our decision herein is limited to a denial of the right of appeal from specific interlocutory orders, in conformity with the express provisions of the Nevada Rules of Civil Procedure designating what matters are appealable.

Appellants are not to assume that they are precluded from proceeding to final judgment on the petition in the court below from which judgment an appeal to this court would lie, or from presenting to this court any original petition for such extraordinary remedy as may be available to them.