GOLDIE MUSSO, Appellant, v. ERNEST S. TRIP-
LETT and RACHEL I. TRIPLETT, Husband and
Wife, Respondents.

No. 4505

June 25, 1962                                372 P.2d 687

*Harry D. Anderson,* of Reno, for Appellant.

*Diehl & Recanzone,* of Fallon, for Respondents.

## OPINION

By the Court, McNamee, J.:

An unverified complaint in unlawful detainer seeking
restitution of real property was filed in the lower court
by respondents.[1] Thereafter there was filed an unverified

---

[1]The present attorneys of record for respondents were substituted
in the action after the complaint was filed.

answer and counterclaim thereto, and an unverified reply to the counterclaim.

After certain discovery proceedings which resulted in the obtaining of admissions from appellant, respondents moved for summary judgment. The parties without objection appeared before the court for a pre-trial conference and an order resulted therefrom. On December 20, 1961, the day set for trial and for the hearing of the motion for summary judgment, appellant orally moved the court for dismissal of the action on the ground that the court was without jurisdiction because neither the complaint nor the answer was verified as required by NRS 40.370. This motion was denied. The court at the same time granted respondents' motion for summary judgment; whereupon appellant's attorney announced in court that appellant "intends" to appeal from these "orders." On January 6, 1962, appellant filed his notice of appeal "from the decision and judgment * * * rendered December 20, 1961, wherein said court denied defendant's motion to dismiss plaintiffs' complaint, and denied defendant's motion to proceed to trial on the issues raised by defendant's counterclaim and plaintiffs' reply thereto,[2] and granted plaintiffs' motion for summary judgment."

On December 27, 1961, the court signed a formal order granting the motion for summary judgment, and on the same day a final judgment based on said order was signed. This order and final judgment were filed December 29, 1961. The judgment granted restitution as prayed for, money damages for rent, and denied relief on the counterclaim. No appeal has been taken from this judgment.

The attempted appeal from the "decision" of the court wherein the court denied appellant's motion to dismiss the complaint and a motion to proceed to trial on the issues raised by the counterclaim and the reply thereto, being nonappealable orders, must be dismissed. Nev. Gaming Comm. v. Byrens, 76 Nev. 374, 355 P.2d 176.

<hr>

[2]The record does not disclose that any such motion was made.

The only question remaining for decision is whether the appeal from the minute order of December 20, 1961 for summary judgment can be entertained.

Appellant's opening brief (there is no reply brief) states: "From the denial of appellant's motion [to dismiss], this appeal was taken." Appellant then in a one-page argument states that it was error to deny her motion to dismiss which, she maintains, should have been granted because the complaint was not verified. This is the only specification of error presented by appellant. No mention is made in the brief regarding the granting of the motion for summary judgment.

This error complained of is not a legal error which if properly presented would require reversal, because the failure to verify a complaint in unlawful detainer actions can be and was waived here by the filing of an answer thereto. Puckett v. Walz, 41 N.M. 612, 72 P.2d 623; Commercial Bank & Trust Co. v. Jordan, 85 Mont. 375, 278 P. 832, 65 A.L.R. 968; Javine v. Javine, 134 Okla. 283, 273 P. 267; Greenfield v. Steamer Gunnell, 6 Cal. 67; Chisholm v. Vocational School for Girls, 103 Mont. 503, 64 P.2d 838; 41 Am.Jur., Pleading, sec. 287 (1942). See also Heintzelman v. L'Amoroux, 3 Nev. 377. The appeal in its entirety must be dismissed, however, because even the attempted appeal from the minute order granting summary judgment is not proper and confers no jurisdiction on this court. Bissing v. Bissing, 19 Idaho 777, 115 P. 827; Annot., 73 A.L.R.2d 250, 296 (1960); NRCP 72(b).

"Defendant (respondent) has not moved to dismiss the appeal nor otherwise raised the issue. However, since the question is jurisdictional (in a procedural sense) it is one which we must act upon whenever and however it comes to our attention.

* * * * *

"Where no direct appeal from an intermediate decision is provided by the legislature, such decision is reviewable only upon appeal from the final judgment.

The failure of the legislature to provide for a direct appeal from such a decision, is not a denial of, or limitation upon, the jurisdiction of the supreme court to review such decision upon appeal. It is a recognition by the legislature of a truism inherent in a proper system of appeals; namely, to permit an appeal from all intermediate orders and decisions of the district courts would result in such vexatious and intolerable confusion and delay as to render impossible an orderly and expeditious administration of justice by the courts of the state." State ex rel. State Board of Medicine v. Smith, 80 Idaho 267, 328 P.2d 581.

The purported appeals from the order denying appellant's motion to dismiss the complaint, from the order denying appellant's motion to proceed to trial on the issues raised by the counterclaim and the reply thereto, and from the minute order of December 20, 1961 granting respondents' motion for summary judgment are dismissed.

BADT, C. J., and THOMPSON, J., concur.