MARTIN J. O'NEILL, Appellant, v. RICHARD J. DUNN, aka DICK DUNN; SOUTHWESTERN PUBLISHING COMPANY, INC., a Nevada Corporation; NEVADA BROADCASTER FUND, INC., a Nevada Corporation; BILL OAKES; FALON FRALEY; VICTOR WHITTLESEA; FRANK NATUSCH; WARNER A. and ALBERTA FRIEMUTH; CARL BEAUVOIS; AL J. ALLEMAN; WINSTON BELL; JOHN GRAY, Respondents.

No. 5310

May 18, 1967                    427 P.2d 647

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Morse & Graves, Jones & Holt, Jones & Jones, Hawkins, Cannon & Hawkins,* all of Las Vegas, for Respondents.

## OPINION

## ON MOTION TO DISMISS APPEAL

By the Court, Collins, J.:

Appellant commenced the above action, which included two additional defendants, Las Vegas Sun, Inc., and Las Vegas Television, Inc., seeking damages for defamation of character.

The two defendants, Las Vegas Sun, Inc., and Las Vegas Television, Inc., made a written demand for trial by jury, but later the action was dismissed as against them by stipulation of counsel for appellant. No other demand for a jury trial was made by any party. On May 5, 1966 the trial court, with plaintiff and the remaining defendants present, entered an order setting the matter for trial before a jury on September 14. On September 13 plaintiff posted the first day's jury fees with the clerk. At the commencement of the trial on September 14, prior to the selection of the jury, the defendants made a motion that the matter be tried by the court only. The trial judge granted the motion and ordered the matter to be tried without a jury on the grounds that the jury fees were withdrawn by the defendants against whom the action had been dismissed; the plaintiff had not posted jury fees until the day prior to the trial; and further that defendants had been led to believe that there would be a trial before the court alone. The trial by the court was thereupon continued and notice of appeal filed. Defendants now move to dismiss the appeal in this court on the ground that an appeal does not lie under NRCP 72(b)[1] from an order denying a jury trial.

We feel the motion is well taken and the appeal must be dismissed.

---

[1]"(b) Appealable Determinations. An appeal may be taken:

"(1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered.

"(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment.

"(3) From an interlocutory judgment, order or decree made or entered in actions to redeem real or personal property from a mortgage thereof or lien thereon, determining such right to redeem and directing an accounting, and from an interlocutory judgment in actions for partition which determines the rights and interests of the respective parties and directs partition, sale or division to be made.

"(4) If an order granting or refusing to grant a motion to change the place of trial of an action or proceeding is not directly appealed from within thirty (30) days, there shall be no appeal therefrom on appeal from the judgment in the action or proceeding or otherwise, and on demand or motion of either party to an action or proceeding the court or judge making the order changing or refusing to change the place of trial of an action or proceeding shall make an order staying the trial of the action or proceeding until the time to appeal from such order, changing or refusing to change the place of trial, shall have lapsed; or if an appeal from such order is taken, until such appeal shall, in the appellate court, or in some other manner, be legally determined."

The order is not one designated by Rule 72 as an appealable order, nor is any other statute cited or known to us authorizing the appeal. "An aggrieved party does not have the right to appeal unless it is expressly granted by statute or rule. Esmeralda County v. Wildes, 36 Nev. 526, 137 P. 400; Quinn v. Quinn, 53 Nev. 67, 292 P. 621." Alper v. Posin, 77 Nev. 328, 363 P.2d 502. "A final judgment in an action or proceeding is essentially one that disposes of the issues presented in the case, determines the cost, and leaves nothing for the future consideration of the court. Smith v. Smith, 69 Nev. 171, 243 P.2d 1048; Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 106 P.2d 751; Nevada First National Bank of Tonopah v. Lamb, 51 Nev. 162, 271 P. 691." Alper v. Posin, supra. Clearly the order denying the jury trial is neither final nor interlocutory from which an appeal will lie when subjected to these tests.

Accordingly, the order of dismissal must be entered. Brunzell Construction Co. Inc. of Nevada v. Harrah's Club, 81 Nev. 414, 404 P.2d 902; Musso v. Triplett, 78 Nev. 355, 372 P.2d 687; Nevada Gaming Commission v. Byrens, 76 Nev. 374, 355 P.2d 176.

It is therefore ordered that the appeal is hereby dismissed.

THOMPSON, C. J., and ZENOFF, J., concur.