REED W. CHRISTENSEN, PRESIDENT OF ATLAS MANAGEMENT COMPANY, a NEVADA CORPORATION, AND ATLAS MANAGEMENT COMPANY, APPELLANTS, *v.* INSURANCE COMMISSIONER OF STATE OF NEVADA AND GREAT BASIN INSURANCE CO., a NEVADA CORPORATION, RESPONDENTS.

No. 5667

May 27, 1969                                     454 P.2d 891

*Gladys Towles Root,* of Los Angeles, California, and *Springer & Newton,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, and *John A. Porter,* Deputy Attorney General, of Carson City, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The district court entered an order denying the petition of Atlas Management Co. to intervene in the voluntary receivership proceeding of the Great Basin Insurance Co. This appeal is from that order.

At one time Atlas Management was the parent holding corporation of Great Basin. In January 1967, Atlas Management transferred Great Basin to Atlas Church Plan, Inc., a California corporation, and entered into a contract with Atlas Church to acquire the total issued and outstanding shares of stock of Casualty Insurance Co., Great Basin's wholly owned California subsidiary corporation.

In September 1967 Great Basin entered into voluntary receivership following a petition by the Insurance Commissioner of Nevada for appointment of a receiver. The Insurance Commissioner was appointed receiver and in February 1968 petitioned the court for leave to marshal assets and to negotiate and effect sales of the corporate assets of Great Basin. Leave was granted "subject to prior specific court approval of any and/or sales agreements so conditionally concluded," and conditioned upon the receiver's "conserving and protecting the legal and equitable interests of all creditors, policyholders, and stockholders of Great Basin . . . as any and all such interests may appear."

The following month the Insurance Commissioner petitioned

the court for approval to sell the shares of stock of Casualty Insurance Co. of California. Soon thereafter Atlas Management filed its petition to intervene on the ground that it was the equitable owner of the stock, although Great Basin held legal title. That petition was denied, the stock subsequently sold, and the sale confirmed by the court.

The appellate briefs center upon whether statute or rule provide for intervention in the absence of an underlying case between adversaries. We do not decide this question since an order denying intervention in these circumstances is not an appealable order. It is not a "final judgment" within the contemplation of NRCP 72(b)(1), nor is provision specially made by Rule (NRCP 72(b)(2), (3)) or statute (NRS ch. 32, NRS ch. 687) for its appealability.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.