EILEEN BATES, DBA EILEEN'S INTERIORS, APPELLANT, v. NEVADA SAVINGS AND LOAN ASSOCIATION, A NEVADA CORPORATION, RESPONDENT.

No. 5734

July 11, 1969                                    456 P.2d 450

[Rehearing denied September 8, 1969]

*E. M. Gunderson* and *Larry C. Johns,* of Las Vegas, for Appellant.

*Singleton, DeLanoy, Jemison & Reid,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

This action was originally commenced on March 23, 1965, when the respondent filed a complaint against the appellant seeking the restoration of certain premises, together with rental

due and owing, penalties and costs. Thereafter followed a series of motions, dismissals, refilings, filings of amended complaints, et cetera, all immaterial to this appeal, until February 23, 1968, when the appellant was allowed seven days to file an answer to respondent's amended complaint which had been filed May 27, 1966. Extensions of time were subsequently granted to the appellant. On March 20, 1968, instead of filing an answer, she filed a motion to dismiss on the grounds that the amended complaint failed to state a cause of action; that the respondent had failed to join an indispensable party; had failed to prosecute with diligence, and that the district court lacked jurisdiction over the subject matter. On July 10, 1968, the district court dismissed the action for the reasons that the amended complaint failed to state a cause of action and the court lacked jurisdiction over the subject matter. On that same day the respondent's motion for a rehearing was granted. The rehearing was set for July 18, 1968, and on September 6, 1968, an order was entered denying the motion to dismiss.

Here we are faced with the question whether the order granting the respondent's motion for rehearing and the order denying the motion to dismiss are appealable, and if so, did the trial court commit error in entering these orders?

No appeal will be allowed unless it is authorized by statute or by rule of court properly promulgated. Nev. Gaming Comm. v. Byrens, 76 Nev. 374, 355 P.2d 176 (1960); O'Neill v. Dunn, 83 Nev. 228, 427 P.2d 647 (1967). NRCP 72(b)[1] sets forth what are appealable matters.

1.   The order granting the respondent's motion for a rehearing is a special order after final judgment within the limitations of NRCP 72(b)(2), and appealable. However, we find the appeal to be without merit.

Litigants are not entitled to a rehearing as a matter of right. Twaddle v. Winters, 29 Nev. 88, 85 P. 280, 89 P. 289 (1906).

---

[1]NRCP 72(b): "An appeal may be taken:

"(1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered.

"(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment."

The power to grant a rehearing, whether it be at the appellate level, SCR 34; or at the trial level, DCR 20; or whether it be in law or in equity, Grant Inventions Co. v. Grand Oil Burner Corporation, 145 A. 721 (N.J. 1929), is inherent and discretionary with the courts.

In Smith v. Livesey, 51 A. 453 (N.J.App. 1902), that court said: "By the common law an application to open a judgment regularly entered was addressed wholly to the discretion of the court in which the judgment was rendered, to be there decided as justice and equity should require (citations omitted); and consequently a writ of error would not lie to review the determination of that court." In Grant Inventions Co. v. Grand Oil Burner Corporation, supra, the court wrote: "There can be no doubt that the complainant's present application is directed to the sound legal discretion of the court. . . . In every such motion, whether addressed to a court of law or one of equity, it calls forth the inherent equity powers of the judge thereof."

2. The order denying the motion to dismiss after rehearing is not appealable. Musso v. Triplett, 78 Nev. 355, 372 P.2d 687 (1962).

Here the trial court acted within its discretionary powers and we affirm. The granting of a rehearing and subsequent denial of the appellant's motion to dismiss affords both parties an opportunity to litigate their case. Where a settlement cannot be effected it is desirable that the litigants present their cause to the courts for a determination.

3. The appellants have also appealed from the order limiting the respondent's action to a common law trespass case. That order is not a final judgment or order within NRCP 72(b). Guisti v. Guisti, 44 Nev. 437, 196 P. 337 (1921). Furthermore, the appellant is not an aggrieved party within NRCP 72(a). In Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192 (1940), this court held that an aggrieved party is one whose personal right is injuriously affected by the adjudication, or where the right of property is adversely affected or diverted. There is no way in which the appellant in this case can qualify as a party aggrieved because of the limitation placed on the action by the trial court. An appeal from this order is not authorized by either statute or rule. Nev. Gaming Comm. v. Byrens, supra, and O'Neill v. Dunn, supra.

For the reasons stated in this opinion we do not consider the order denying the motion to dismiss and the order limiting the respondent's action to a common law trespass case, and dismiss those parts of this appeal. With regard to the order granting the rehearing of the motion to dismiss, we affirm the action of the trial court and remand the cause for further proceedings.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.