ERIC L. ARCHIE, Appellant, v. STANLEY W. PIERCE, VANILLA ARCHIE, aka VANALLA ARCHIE, aka VANILLA GLOVER, and LINDA FULTON, Respondents.

No. 6675

March 29, 1972                                   495 P.2d 363

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Robert L. Gifford,* of Las Vegas, for Respondents Pierce and Fulton.

*Cochran & Pomeranz,* of Las Vegas, for Respondent Vanilla Archie.

## OPINION

By the Court, Zenoff, C. J.:

This is one of a continuing series of legal procedures designed to gain restitution to Eric L. Archie for injuries arising from alleged conduct of the respondents herein.

Prior to the commencement of this action a default judgment was obtained by Pierce against Archie which resulted in an execution and sheriff's sale of a portion of Archie's property on June 13, 1967. The appeal taken from that judgment was dismissed on June 3, 1968 per the request of appellant Archie. (Bank of Nevada v. Archie, No. 5627 on appeal, No. A–42897 below.) After that dismissal Archie obtained an order entered on May 26, 1971 dismissing the complaint therein with prejudice, subject to the right of appellant to continue the present litigation which had been started on December 10, 1969 setting forth five causes of action against the named respondents.

On April 5, 1971 Archie moved the district court in the present action to vacate the sheriff's sale and to set aside the sheriff's deed. This motion related to Archie's third and fourth causes of action wherein he had requested a lien to be impressed on the subject property and that any cloud upon his title be declared void. The motion was denied, from which order a purported appeal was taken. Later respondents obtained an amended order denying appellant's motion to vacate wherein appellant's request was denied without prejudice in the following language:

"IT IS ORDERED that plaintiff's Motion to Vacate Sheriff's Sale and to Set Aside Sheriff's Deed filed herein on April 5, 1971, is hereby denied without prejudice to bringing the same issues on to be determined at the trial of this cause."

We do not reach the merits presented by appellant because we hold that the denial without prejudice of a motion to vacate a sheriff's sale and to set aside a sheriff's deed in an action wherein the same relief is sought by the pending complaint is not an appealable determination under NRCP 72.

NRCP 72(b) states precisely what determinations are appealable and does not include a denial of an interlocutory motion to set aside a sheriff's sale and deed. Alper v. Posin, 77 Nev. 328, 330, 363 P.2d 502 (1961); Bates v. Nevada Savings & Loan Ass'n, 85 Nev. 441, 443, 456 P.2d 450 (1969); Christensen v. Insurance Comm'r, 85 Nev. 335, 337, 454 P.2d 891 (1969). NRCP 72(b)(3) provides for appeal "[f]rom an interlocutory . . . order . . . made or entered in actions to redeem real . . . property from a . . . lien thereon, determining such right to redeem and directing on accounting. . . ." This is not such an action.

The appeal is dismissed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.