# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRET O. WHIPPLE, INDIVIDUALLY
AND AS PRESIDENT AND DIRECTOR
OF WHIPPLE CATTLE COMPANY,
INC., A NEVADA CORPORATION;
CODY K. WHIPPLE, INDIVIDUALLY
AND AS TREASURER OF WHIPPLE
CATTLE COMPANY, INC., A NEVADA
CORPORATION; KIRT R. WHIPPLE,
INDIVIDUALLY AND AS SECRETARY
OF WHIPPLE CATTLE COMPANY,
INC., A NEVADA CORPORATION;
JANE E. WHIPPLE, INDIVIDUALLY
AND AS DIRECTOR OF WHIPPLE
CATTLE COMPANY, INC., A NEVADA
CORPORATION; JANE WHIPPLE,
TRUSTEE OF JANE WHIPPLE
FAMILY TRUST AND AS MANAGING
MEMBER OF KENT WHIPPLE RANCH
LLC; JANE WHIPPLE FAMILY TRUST;
KENT WHIPPLE RANCH LLC;
KATHRYN WETZEL, INDIVIDUALLY;
AND WHIPPLE CATTLE COMPANY,
INC.,

No. 82964

FILED

APR 08 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

Appellants,

vs.

BETSY L. WHIPPLE, INDIVIDUALLY
AND AS SHAREHOLDER OF WHIPPLE
CATTLE COMPANY, INC., A NEVADA
CORPORATION,

Respondent.

BRET O. WHIPPLE, INDIVIDUALLY
AND AS PRESIDENT AND DIRECTOR
OF WHIPPLE CATTLE COMPANY,
INC., A NEVADA CORPORATION;
CODY K. WHIPPLE, INDIVIDUALLY
AND AS TREASURER OF WHIPPLE
CATTLE COMPANY, INC., A NEVADA
CORPORATION; KIRT R. WHIPPLE,

No. 82994

SUPREME COURT
OF
NEVADA

(O) 1947A

22-11042

INDIVIDUALLY AND AS SECRETARY OF WHIPPLE CATTLE COMPANY, INC., A NEVADA CORPORATION; JANE E. WHIPPLE, TRUSTEE OF JANE WHIPPLE FAMILY TRUST AND AS MANAGING MEMBER OF KENT WHIPPLE RANCH LLC; KATHRYN WETZEL, INDIVIDUALLY; AND WHIPPLE CATTLE COMPANY, INC., A NEVADA CORPORATION,

          Appellants,

vs.

BETSY L. WHIPPLE,

          Respondent.

## ORDER DISMISSING APPEAL

The appeal in Docket No. 82964 challenges an order denying reconsideration of an order granting reconsideration and denying change of venue, and an order denying a motion to strike a request to transfer to business court. The appeal in Docket No. 82994 challenges the order granting reconsideration and denying change of venue.

Respondent has filed motions to dismiss both appeals on the ground that no appeal lies from an order denying a motion for reconsideration of an order resolving a motion for reconsideration, or from an order denying a motion to strike a request to transfer to business court. Appellants have filed a response and argue that the motions for reconsideration tolled the time to appeal the order denying the motion to change venue, which is an appealable order. *See* NRAP 3A(b)(6), NRAP 4(a)(4).

On January 6, 2020, the district court granted appellants' motion to change venue. Such an order is immediately appealable pursuant to NRAP 3A(b)(6). However, respondent filed a timely motion for

Supreme Court
of
Nevada

(O) 1947A

2

reconsideration. A motion for reconsideration that seeks to alter the substance of the order challenged tolls the time to file a notice of appeal; accordingly, any appeal of the change of venue was tolled pending resolution of the motion for reconsideration. *See* NRAP 4(a)(4) (regarding tolling motions); *AA Primo Builders LLC v. Washington*, 126 Nev. 578, 585, 245 P.3d 1190, 1195 (2010) (describing when a post-judgment motion carries tolling effect). On January 27, 2021, the district court granted reconsideration and denied the motion to change venue. Again, such an order is appealable pursuant to NRAP 3A(b)(6). Moreover, this court has also reviewed appeals from orders granting reconsideration. *See AA Primo Builders*, 126 Nev. at 589, 245 P.3d at 1197 (holding that this this court reviews a district court's decision granting a motion for reconsideration for abuse of discretion); *see also Bates v. Nev. Savings & Loan Ass'n*, 85 Nev. 441, 456 P.2d 450 (1969) (stating that an order granting rehearing is appealable). However, appellants moved for reconsideration of the order denying the change of venue, which again tolled the time for filing a notice of appeal. NRAP 4(a)(4). When the motion for reconsideration was denied on May 5, 2021, appellants filed a timely notice of appeal. This court has jurisdiction over the order granting reconsideration and denying the motion to change venue, and the motion to dismiss the appeal in Docket No. 82994 is denied.

In Docket No. 82964, appellants challenge the order denying reconsideration of the order granting reconsideration and denying change of venue, and the district court's order denying a motion to strike a request to transfer to business court. No statute or court rule provides for an appeal from an order denying a motion to stike a request to transfer a case to business court. *See* NRAP 3A(b). This court has jurisdiction to consider an

appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984). Accordingly, this court lacks jurisdiction to consider the appeal from the order denying the motion to strike a request to transfer to business court. Further, the remaining order challenged in Docket No. 82964 (the May 5, 2021, order denying reconsideration) is not independently appealable. *See Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) ("[A]n order denying reconsideration is not appealable."). Accordingly, the appeal in Docket No. 82964 is dismissed. The appeal in Docket No. 82994 challenging the order granting reconsideration and denying change of venue shall proceed pursuant to NRAP 3A(b)(6)(B). The motion to reinstate briefing is denied. *See* NRAP 3A(b)(6)(B) (providing that an appeal of an order denying a motion to change venue is not subject to briefing by the parties).

It is so ORDERED.

_____, J.
Silver

_____, J.          _____, J.
Cadish                                                Pickering

cc:    Hon. Adriana Escobar, District Judge
       Hon. Nancy L. Allf, District Judge
       Carolyn Worrell, Settlement Judge
       Justice Law Center
       The Law Firm of C. Benjamin Scroggins, Esq.
       Howard & Howard Attorneys PLLC
       Eighth District Court Clerk